IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MONBIRDA BASSA,**

        **Plaintiff,**

v.                                                                                          Case 2:22-cv-02116-MSN-cgc

**ALLIANCE HEALTHCARE SERVICES,**
**BRENDA GRANT, and LAURIE POWELL,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendants' Brenda Grant ("Grant") and Laurie Powell's ("Powell") (collectively "Individual Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #11). Pursuant to Administrative Order 2013-05 [1], the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Individual Defendants' Motion to Dismiss be GRANTED.

### I.     Background

On February 23, 2022, Plaintiff Monbirda Bassa filed a *pro se* Complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq*. (D.E.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

#1).   Plaintiff alleges that she suffers from anxiety disorder and PTSD.   (*Id*. at PageID 4).   She alleges that, on or about June 16, 2020, when she was offered the position of Clinic Assistant, "Defendant" was made aware of her disability.   (*Id*. at PageID 5).   She alleges that, on July 13, 2020, she accepted the position.   (*Id*.)   She alleges that, in her acceptance letter, she included a note from her primary care physician regarding an unspecified accommodation.   (*Id*.)

Plaintiff alleges that, on July 14, 2020, an email was inadvertently sent to her questioning her diagnosis "and whether they could face a penalty under ADA . . . if they terminated" her. (*Id*.)   Plaintiff alleges that she began to have increased anxiety, depression, and stress as a result of "trying to deal with this matter" and that she then requested leave pursuant to the Family Medical Leave Act ("FMLA").   Plaintiff alleges that she scheduled an appointment with a psychiatrist because she believed it to be "apparent that they were not satisfied with the note" from her primary care physician.   (*Id*.)   She alleges that, once the "documents were completed by the psychiatrist," she submitted her evaluation, information about her diagnoses, and her FMLA paperwork to "Defendant."   (*Id*.

Plaintiff alleges that, on August 31, 2020, she received a text from her immediate supervisor inquiring about when she was due to return to work.   (*Id*.)   She alleges that, after informing her supervisor that she was due to return the following day, her supervisor sent her a test message directing her to report to the Union office.   (*Id*.)   She alleges that, when she returned on that day, her employment was terminated and that she was given discharge papers dated August 1, 2020.   (*Id*.)   She alleges that she informed "Defendant" that the date was incorrect and that they asked her to return on the following day to receive the corrected documents.

(*Id*.)   Although Plaintiff's Complaint lists Grant and Powell as defendants, *see id.* at PageID 2, they are otherwise not mentioned therein, *see id*.

Before filing her Complaint in this Court, Plaintiff filed a Charge of Discrimination against her employer, Alliance Healthcare Services ("AHS"), with the Equal Employment Opportunity Commission ("EEOC").   (D.E. #1-1).   Her Charge of Discrimination was filed on June 26, 2021.   (*Id*. at PageID 6)   Consistent with her Complaint in this Court, it alleges that she suffered discrimination based upon disability in violation of the ADA when her July 2020 reasonable-accommodation request was denied and she was ultimately discharged on September 1, 2020. (*Id*.)   Additionally, Plaintiff does identify Grant in her EEOC Charge as being a Human Resources Director; however, Powell is not mentioned in the EEOC Charge.   (*Id*.)   On August 12, 2021, the EEOC issued a Dismissal and Notice of Rights.   (*Id*. at PageID 7).

On May 2, 2020, Individual Defendants filed the instant Motion to Dismiss arguing that, while they are employed as supervisors by AHS, they are not "employers" for purposes of the ADA.   *See* 42 U.S.C. § 12111(2) (defining "covered entity"); 42 U.S.C. § 12111(5) (defining "employer"); 42 U.S.C. § 12112(a) (prohibiting discrimination of the basis of disability by a "covered entity").

On May 31, 2022, Plaintiff filed her Response (D.E. #15) acknowledging that Grant and Powell do not qualify as "employers" under the ADA but asserting that she can bring the action against them in their official capacities as "agents" of AHS pursuant to 42 U.S.C. § 1211(5)(A). Plaintiff further states as follows:

> Plaintiff makes no claim of Grant's or Powell's personal financial responsibility for any damages and avers that Powell and Grant do not warrant individual liability as a matter of law.

3

> Plaintiff avers that the intended distinction between official capacity and individual capacity was not made clear in either the caption or the body of Plaintiff's Complaint. Plaintiff further avers that Grant's and Powell's individual names and particularized basis are not distinguished where applicable throughout Plaintiff's complaint, in which they are referred to only by their titles and roles in the detailed events. However, Plaintiff asserts that all the Defendants are rightly included in the Complaint and that all Defendants are implicated in the details of the Complaint.

(Pl.'s Resp. at PageID 56). Thereafter, Plaintiff seeks, in effect, to supplement the information contained in her Complaint by alleging what positions Grant and Powell held at AHS and what actions they took that she believes to be discriminatory. (*Id*. at PageID 56-58).

## II.   Proposed Analysis and Conclusions of Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*,

4

550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Plaintiff's contention is that her claims against Grant and Powell should not be dismissed because they are named in their official capacities as agents of a private employer, AHS. "Generally, an official capacity suit is brought against a *government* official, and is simply another way of pleading an action against the *governmental entity* of which the individual is an agent." *See Kevin Kelliher v. DXC Tech. Srvs., LLC*, No. 19-13316, 2020 WL 12689446, at *3 (E.D. Mich. Oct. 29, 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) (emphasis added). There is "no shortage of confusion over whether individuals can be named in their official capacities" in employment actions.[2] *Id*. "[I]t is even less clear whether an official capacity claim can be maintained against . . . a private-sector employee," and the *Kelliher* court noted that it "does not appear that any federal appellate court has directly addressed the issue." *Id*. (citing cases).

Even so, the *Kelliher* court concluded that dismissal of the plaintiff's claims against the private-sector employee in her official capacity was appropriate because they are duplicative of the claims brought against the private entity itself. *Id*. at *4 (citing *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) ("Where the entity is named as a defendant, an official-capacity claim is redundant"); *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013) (concluding that official-capacity claims are "superfluous" when the entity is also named as a defendant). Other courts within the Sixth Circuit have reached the same conclusion. *See Allison Pettinato v. Professional Parent Care*, No. 16-cv-14419, 2017 WL 2930915, at *4 (E.D. Mich. July 10, 2017) (citing cases); *Jennifer Maudlin v. Inside Out, Inc.*, No. 3:13-CV-00354,

---

[2] Although *Kelliher* and other cases cited, *infra*, were brought under Title VII, our sister court has held that, "[i]n analyzing the ADA, it is appropriate to rely on Title VII cases." *Aaron M. Quinn v. Ohio State Highway Patrol*, 2007 WL 3308014, at *5 n.5 (S.D. Ohio Nov. 6, 2007). This is because Title VII and the ADA "define 'employer' essentially the same way"—namely, they "limit liability to the employer and use the term 'agent' in defining employer." *Wathen v. General Elec. Co.*, 115 F.3d 400, n.6 (6th Cir. 1997).

2014 WL 1342883, *3-*4 (S.D. Ohio Apr. 3, 2014); *Kathleen Cautela v. Ohashi Technica U.S.A., Inc.*, No. 2:08-cv-960, 2009 WL 2431090 (S.D. Ohio Aug. 6, 2009).

Although our sister courts' reasoning is not binding upon this Court, the Court finds it to be consistent with the hallmark principles of official-capacity suits as set forth by the Sixth Circuit in *Foster* and *Faith Baptist* and well-established elsewhere. Accordingly, even if Plaintiff were permitted to bring ADA official-capacity claims against Grant and Powell, who Plaintiff has sued as agents AHS, it is RECOMMENDED that these claims should be dismissed as duplicative of the claims brought against AHS.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Individual Defendants' Motion to Dismiss be GRANTED.

**SIGNED** this 1st day of July, 2022.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**