# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MONBIRDA BASSA,

    Plaintiff,

v.                                             Case No. 2:22-cv-2116-MSN-cgc

ALLIANCE HEALTHCARE SERVICES,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 37), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE AS CROSS-MOTION (ECF NO. 31), DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ECF NO. 28), AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**

Before the Court is the Report and Recommendation on Alliance Healthcare Services' Motion for Summary Judgment and Monbirda Bassa's Cross-Motion for Summary Judgment, Order Denying Plaintiff's Motion for Leave to File Response as Cross-Motion for Summary Judgment, and Order Granting Plaintiff's Motion for Leave to File Out of Time (ECF No. 37 (sealed), "Report"). Before discussing the Report's recommendations, a bit of background is needed.

Defendant filed a Motion for Summary Judgment (ECF No. 26, "Motion") on October 26, 2023. On November 28, 2023, Plaintiff filed a single document entitled "Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment" (ECF No. 28, "Combined Cross-Motion and Response"). Defendant then filed a reply in support of its Motion and argued, in part, that Plaintiff's Combined Cross-Motion and Response was untimely

(1) as a cross-motion for summary judgment pursuant to the Scheduling Order's dispositive motion deadline, *and* (2) as a response to Defendant's Motion pursuant to the Local Rules.  (*See* ECF No. 29 at PageID 345–46.)  Then, on December 26, 2023, Plaintiff filed two motions addressing Defendant's arguments about the timeliness of her Combined Cross-Motion and Response: (1) a motion seeking leave to have the Combined Cross-Motion and Response considered as a dispositive cross-motion for summary judgment despite being filed late (ECF No. 31, "Motion for Leave to File Response as Cross-Motion"), and (2) a motion seeking leave to file the Combined Cross-Motion and Response out of time as a response in opposition to Defendant's Motion (ECF No. 32, "Motion for Leave to File Response Out of Time").

The Report concludes that Plaintiff has shown excusable neglect for the late filing of the Combined Cross-Motion and Response <u>as a response to Defendant's Motion</u>; it therefore granted Plaintiff's Motion for Leave to File Response Out of Time (ECF No. 32) and considered the Combined Cross-Motion and Response as a response when analyzing Defendant's Motion.[1]  (*See* ECF No. 37 at PageID 409–10.)  The Report concludes that Plaintiff did not show excusable neglect for the late filing of the Combined Cross-Motion and Response as a dispositive cross-motion for summary judgment; it therefore recommends that the Court deny Plaintiff's Motion for Leave to File Response as Cross-Motion (ECF No. 31).  (*See* ECF No. 37 at PageID 402, 409.)[2]

---

[1] The Report twice frames this as a recommendation stating, "It is further recommended that . . . Plaintiff's Motion for Leave to File Response [Out of Time] be GRANTED."  (*See* ECF No. 37 at PageID 402, 413.)  Because this is a pretrial matter that a magistrate judge may hear and determine under 18 U.S.C. § 636(b)(1)(A), and the Report does not say it's making a recommendation when it specifically discusses Plaintiff's Motion for Leave to File Response Out of Time, the Court construes the Report as granting Plaintiff's Motion for Leave to File Response Out of Time.

[2] The title in the caption of the Report indicates it is denying Plaintiff's Motion for Leave to File Response as Cross-Motion; however, the language throughout the Report frames the ruling

2

The Report thus recommends that, to the extent the Combined Cross-Motion and Response is a dispositive cross-motion for summary judgment, it be denied as untimely. (*See* ECF No. 37 at PageID 409, 413.) Finally, the Report recommends that Defendant's Motion be granted. (*Id.* at PageID 402, 413.)

As discussed below, the Court will accept the Report's recommendations but provides additional analysis about whether front desk coverage was an essential function of the Clinic Assistant position.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50

---

on Plaintiff's Motion for Leave to File Response as Cross-Motion as a recommendation. (*See* ECF No. 37 at PageID 402, 409.)

F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

### A. Proposed Findings of Fact

Neither party filed objections to the Report. After reviewing the record, the Court **ADOPTS** the Report's proposed findings of fact.

### B. Proposed Conclusions of Law

1. Plaintiff's Motion for Leave to File Response as Cross-Motion (ECF No. 31)

The Court **ADOPTS** the Report's analysis and recommendation that Plaintiff did not show excusable neglect for the late filing of the Combined Cross-Motion and Response *as a dispositive cross-motion for summary judgment*. Therefore, Plaintiff's Motion for Leave to File Response as Cross-Motion (ECF No. 31) is **DENIED**.

4

2. <u>Combined Cross-Motion and Response as a Cross-Motion for Summary Judgment (ECF No. 28)</u>

The Court **ADOPTS** the Report's analysis and recommendation that, to the extent the Combined Cross-Motion and Response (ECF No. 28) is a dispositive cross-motion for summary judgment, it is untimely. Therefore, to the extent the Combined Cross-Motion and Response is a dispositive cross-motion for summary judgment, it is **DENIED**.

3. <u>Defendant's Motion for Summary Judgment (ECF No. 26)</u>

The Report finds that Defendant "deemed front desk coverage to be essential for the Clinic Assistant role," noting that it was the first item listed on the Clinic Assistant job description, and Defendant had determined there was no other feasible way to for it to have front desk coverage for breaks and lunch when one of the two full-time receptionists was out. (*See* ECF No. 37 at PageID 412.) The Report thus concludes that filling in at the front desk was an "essential function" of the Clinic Assistant position, and because removing an essential function is *per se* unreasonable, Plaintiff could not show she was otherwise qualified for the position. (*Id.*) This Court ultimately agrees with that conclusion—based on the Report's findings and conclusions, and the Court's own analysis as set forth below.

The ADA states, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Plaintiff alleges discrimination under the ADA for termination of her employment and failure to accommodate.

An employer's failure to grant a reasonable accommodation to a disabled employee falls under the ADA's definition of discrimination. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020); *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007) (quoting 42

5

U.S.C. § 12112(b)(5)(A)). Unlike a disability discrimination claim premised on wrongful termination "because of disability," the *McDonnell Douglas* burden-shifting framework does not apply to a failure to accommodate theory. *Fisher*, 951 F.3d at 416 (collecting cases in support); *Kleiber*, 485 F.3d at 868 (explaining that "claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination" and "consequently are suitable for analysis under the direct-evidence framework"); *see also Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018) ("But ADA discrimination 'claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination'; the familiar *McDonnell-Douglas* burden-shifting framework . . . therefore does not apply.") (quoting *Kleiber*, 485 F.3d at 868–69). Instead, a failure to accommodate claim necessarily implicates direct evidence of discrimination under the ADA. *See Fisher*, 951 F.3d at 417.

Under the direct evidence framework, the plaintiff must show that she is (1) "disabled," and (2) "otherwise qualified for the position despite her disability: (a) without accommodation from the employer; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 417 (6th Cir. 2021) (citing *Fisher*, 951 F.3d at 417) (cleaned up). "A reasonable accommodation may include job restructuring and part-time or modified work schedules. But it does not include removing an essential function from the position, for that is *per se* unreasonable." *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (cleaned up). So, in failure to accommodate cases "where the employee requests an accommodation that exempts her from an essential function, the essential functions and reasonable accommodation analyses run together. One conclusion (the function is

6

essential) leads to the other (the accommodation is not reasonable)." *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 763 (6th Cir. 2015) (cleaned up).

Generally, "essential functions" are the job's "fundamental" duties—not the "marginal" ones. 29 C.F.R. § 1630.2(n)(1); *Keith v. Cnty. of Oakland*, 703 F.3d 918, 925–26 (6th Cir. 2013); *Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014). The regulations provide several reasons a job function may be considered essential, including because (1) the position exists to perform that function; (2) there are a limited number of employees available among whom the performance of that job function can be distributed; and (3) the function is highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function. 29 C.F.R. § 1630.2(n)(2); *Keith*, 703 F.3d at 925–26; *Rorrer*, 743 F.3d at 1039. The regulations also provide that evidence about whether a function is essential includes (1) the employer's judgment; (2) the written job description; (3) the amount of time spent performing the function; (4) the consequences of not requiring performance of the function; (5) the work experience of past incumbents of the position; and (6) the current work experience of incumbents in similar jobs. *Id.* § 1630.2(n)(3); *Keith*, 703 F.3d at 925–26; *Rorrer*, 743 F.3d at 1039.

Whether a function is essential is determined on a case-by-case basis after considering all relevant evidence; at the summary judgment stage, no single piece of evidence is dispositive, but some deference must be given "to the employer's judgment in determining what functions of a job are essential." *Woodling v. GeoBuild, LLC*, No. 22-3499, 2023 WL 335283, at *4 (6th Cir. Jan. 20, 2023) (citing 42 U.S.C. § 12111(8)); *Rorrer*, 743 F.3d at 1039–40; *see also Ford Motor Co.*, 782 F.3d 764 ("Neither the statute nor regulations nor EEOC guidance instructs courts to credit the employee's opinion about what functions are essential."). Thus, "whether a job function is essential is a question of fact that is typically not suitable for resolution on a motion for summary

judgment." *Rorrer*, 743 F.3d at 1039 (citing *Keith,* 703 F.3d at 926). But summary judgment is nevertheless appropriate if an employer judges a function to be essential, and the "employer's judgment—evidenced by the employer's words, polices, and practices and taking into account all relevant factors—is job-related, uniformly-enforced, and consistent with business necessity." *Ford Motor Co.*, 782 F.3d 765–66; *see also Wyatt*, 999 F.3d at 418–19 (concluding that employer "put forth sufficient uncontroverted evidence to show that working more than forty hours per week is an essential function of [the plaintiff]'s position," and affirming district court's grant of summary judgment on failure to accommodate claim).

      Defendant argues that Plaintiff was not otherwise qualified because her request to not fill in at the front desk eliminated an essential function of the Clinic Assistant position, which meant her requested accommodation was *per se* unreasonable. (*See* ECF No. 26-1 at PageID 96–101.) Plaintiff disputes that front desk coverage was an essential function, arguing that Defendant had several other available options for front desk coverage, none of which would have caused undue hardship to Defendant or interfered with its business operations. (ECF No. 28-1 at PageID 130.)

      Specifically, Plaintiff argues that her request was reasonable because there were other options available for front desk coverage, including: (1) reassigning Plaintiff to another location that had more clerical staff available to cover the front desk; (2) having another location's front desk personnel provide coverage; (3) using a temporary employee from a medical staffing agency to provide coverage; (4) Plaintiff occupying the front desk with a guard on standby until another location's front desk personnel arrived; and (5) Plaintiff ringing a bell to alert when someone approached the front desk, at which point Plaintiff would request someone to assist her. (ECF No. 28-1 at PageID 130–31.) Plaintiff points to Defendant's organizational chart, which she says shows that Defendant had 24 front desk staff across five locations, indicating Defendant had

numerous options available for front desk coverage. But none of these things show that Plaintiff's request was reasonable.

First, Plaintiff does not point to anything in the record to support that a Clinic Assistant position at another location with more clerical staff was available. *Rorrer*, 743 F.3d at 1040 ("An employer need only reassign the employee to a vacant position." (cleaned up).) Further, the organizational chart that Plaintiff points to includes numerous individuals that were no longer employed with Defendant, and it shows staff from 2019 through 2023—thus covering more than three years after Plaintiff was terminated, with no indication about when the listed individuals were hired. (*See* ECF No. 28-2 at PageID 312–13.) But, most importantly, Plaintiff's arguments fall short because "the ADA does not require employers to assign existing employees or hire new employees to perform certain functions or duties of a disabled employee's job which the employee cannot perform by virtue of her disability." *Wyatt*, 999 F.3d at 419 (citing *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 632 (6th Cir. 1999)) (cleaned up). Except for her first suggestion, all Plaintiff's other proposed options would have forced Defendant to assign an existing employee or hire a new employee to provide front desk coverage—something the ADA doesn't require an employer do to accommodate a disabled individual. Plaintiff's suggested options thus do not support that her requested accommodation was reasonable.

After a careful review of the record, the uncontroverted evidence shows that filling in at the front desk was an essential function of the Clinic Assistant position. For purposes of summary judgment, it is undisputed that Defendant employed two fulltime receptionists at the Peabody location, and the Clinic Assistant provided front desk coverage for breaks only when one of the two fulltime receptionists was absent from work. (ECF No. 28-2 at PageID 139–40.) It is also undisputed that filling in at the front desk when needed is one of the most important duties assigned

to the Clinic Assistant position. (*Id.*) The Clinic Assistant job description lists front desk coverage as the very first thing for the "daily role" of the position:

> **CLINIC ASSISTANT - DAILY ROLE**
>
> 1ST THING – IS THE FRONT DESK AND GUARD STAFFED
>
> LEARN FRONT DESK ROLE SO YOU CAN FILL IN IF NECESSARY FOR LUNCH, NO SHOWS AND BREAKS; BREAK TIME WILL BE 10 AND 10:15 AND 2 AND 2:15; LUNCH TIMES FOR FRONT DESK IS 12 AND 12:30

(ECF No. 28-2 at PageID 288.) Internal emails between Defendant's employees show that they viewed filling in at the front desk as one of the "primary functions" of the Clinic Assistant position and that front desk management was one of the clinics' "strongest needs." (ECF No. 28-2 at PageID 284.) Every Clinic Assistant at Defendant's facilities performs this function. (ECF No. 27-1 at PageID 109.) There were no other employees at the Peabody location, other than the receptionists and Clinic Assistant, that could fill in at the front desk; all other employees were typically seeing patients, and they could not leave those patients alone to provide front desk coverage. (ECF No. 27-1 at PageID 110–11 & n.1.)

In sum, Defendant judged front desk coverage to be an essential function of the Clinic Assistant position, and that conclusion was "job-related, uniformly-enforced, and consistent with business necessity." Plaintiff has not come forward with evidence to support that filling in at the front desk was not an essential function. Therefore, because Plaintiff's requested accommodation would have eliminated an essential function of the Clinic Assistant position, the requested accommodation was not reasonable.

For the reasons set forth above, the Court agrees with the Report's recommendation to grant Defendant's Motion, and Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED**.

**CONCLUSION**

As set forth above, the Court **ADOPTS** the Report's proposed findings of fact. The Court **ADOPTS** the Report's analysis and recommendation that Plaintiff did not show excusable neglect for the late filing of the Combined Cross-Motion and Response as a dispositive cross-motion for summary judgment, and Plaintiff's Motion for Leave to File Response as Cross-Motion (ECF No. 31) is **DENIED**. The Court **ADOPTS** the Report's analysis and recommendation that, to the extent the Combined Cross-Motion and Response (ECF No. 28) is a dispositive cross-motion for summary judgment, it is untimely and therefore **DENIED**. Finally, Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED**.

**IT IS SO ORDERED**, this 5th day of June, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE